However, it was pointed out in the *Browne Vintners* case that, although the issue was not whether there was a compliance with the regulations, the importer had the burden of proving that there was, in fact, a nonimportation. Likewise, in the instant case, the importer has the burden of proving that the within merchandise is an importation from Guam.

Plaintiffs have apparently assumed that since the merchandise arrived here from Guam, it is not an importation from a foreign country. Defendant contends, however, that the merchandise may have been transshipped at Guam and have been actually imported from a place other than Guam, that is, a foreign country. It is well settled that an article shipped from one country through another, without entering the commerce of the latter, is an importation from the former. *United States* v. *United Cigar Stores Co.*, 1 Ct. Cust. Appls. 450, T. D. 31505; *United States* v. *F. W. Hagemann*, 39 C. C. P. A. (Customs) 182, C. A. D. 484.

Plaintiffs herein offered no evidence but rested their case on the statement of counsel, the entry, the invoice, and the collector's letter. It may be that counsel intended to offer the said documents in evidence, but he failed to do so. The rule is that where the papers in the official file are relied upon to prove the truth of matters recited therein, they must be placed in evidence for that purpose. *W. T. Grant Company* v. *United States*, 38 C. C. P. A. (Customs) 57, C. A. D. 440. It has been held that such papers may be considered as evidence where the parties by express stipulation submit the issue on the record. *Borgfeldt & Co.* v. *United States*, 11 Ct. Cust. Appls. 421, T. D. 39433. The colloquy quoted above does not amount to such an "express stipulation." However, counsel for the Government stated that the collector had advised her that the only reason for denying free entry was noncompliance with the regulations. It may be that it was intended to submit the case upon the official papers and that the only issue was to be the effect of the noncompliance with the regulations.

In view of the confused state of the record, we hold that the ends of justice will best be served by restoring the case to the next Los Angeles docket for further proof.

It is so ordered.

BEFORE THE FIRST DIVISION, DECEMBER 15, 1955

**No. 59549.**—Rohner Gehrig & Co., Inc. *v.* United States, protest 257132–K (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the drawback which was granted, $516.19, should amount to $658.86, when the liquidated duty for jewels is taken into consideration, the collector was directed to reliquidate the drawback entry accordingly.

**No. 59550.**—Camilli Albert & Laloue, Inc., et al. *v.* United States, protests 261646–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiffs was sustained.

No. 59551.—Bertrand Freres, Inc., et.al. v. United States, protests 264111–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiffs was sustained.

No. 59552.—Bertrand Freres, Inc., et al. v. United States, protests 267079–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of essential oils the same in all material respects as those the subject of *Ungerer & Co., Inc.* v. *United States* (33 Cust. Ct. 152, C. D. 1647), the claim of the plaintiffs was sustained.

No. 59553.—Reichard-Coulston, Inc. v. United States, protest 237506–K (New York).

Opinion by MOLLISON, J. The protest was dismissed.

No. 59554.—St. Stephen's Rectory v. United States, protest 243918–K (New York).

Opinion by MOLLISON, J. The protest was dismissed.

No. 59555.—E. Leitz, Inc. v. United States, protest 251775–K (New York).